# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEVI ANDERSON, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:24-cv-01061-MTS |
| AFC TRANSPORTATION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Upon review of the Complaint, the Court concludes that Plaintiffs have failed to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). For the individual Defendants, Plaintiffs allege only that they are *residents* of certain states. *Compare, e.g.*, Doc. [1] ¶ 1, *with Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction. This rule is not new." (internal citation omitted)); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."). For the corporate Defendants, Plaintiffs fail to allege where they have their principal places of business. *Compare, e.g.*, Doc. [1] ¶ 2, *with Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019)

- 2 -

("For purposes of establishing diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1))).

No later than **Wednesday**, **October 02, 2024**, Plaintiffs shall file an amended complaint establishing that this Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1653; *Harper v. Marshall Ford Sales, Inc.*, 366 F. App'x 721, 722 (8th Cir. 2010) (per curiam) (finding district court should have provided plaintiff "notice or an opportunity to amend" before dismissing case for lack of subject matter jurisdiction). The failure to do so will result in dismissal of this action without prejudice.

So **ORDERED** this 18th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE